# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **JENNIFER BANNICK,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KENNECOTT UTAH COPPER MINE, LLC, dba KENNECOTT COPPER, LLC; et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:13-cv-370-TC-PMW**<br><br>**District Judge Tena Campbell**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Jennifer Bannick's ("Plaintiff") motion to extend discovery.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

In her motion, Plaintiff requests two forms of relief. In the first portion of her motion, Plaintiff moves the court for a sixty-day extension of the May 1, 2014 fact discovery deadline set forth in the current scheduling order in this case.[3] Defendant Kennecott Copper, LLC

---

[1] *See* docket no. 12.

[2] *See* docket no. 15.

[3] *See* docket no. 10.

("Defendant") does not oppose that requested extension.[4] Accordingly, the first portion of Plaintiff's motion is **GRANTED**. The fact discovery deadline in this case is hereby extended by sixty days.

In the second portion of her motion, Plaintiff moves the court for permission to take additional depositions. Under the current scheduling order, Plaintiff is permitted to take ten depositions.[5] Plaintiff seeks to alter the scheduling order so that she can take additional depositions beyond that limit.

Pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The scheduling order in this case employs the limit of ten depositions set forth in rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure.[6] *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Pursuant to that rule, "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) [of the Federal Rules of Civil Procedure] . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken under this rule." *Id*. Rule 26(b)(2) provides that "[b]y order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30."

Although it specifically seeks to modify the scheduling order, this portion of Plaintiff's motion concerns discovery. "The district court has broad discretion over the control of

---

[4] *See* docket no. 17.

[5] *See* docket no. 10.

[6] *See id*.

discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted). The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1). With respect to limiting discovery, rule 26(b)(2)(C)(iii) provides that

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

In her relatively short motion, Plaintiff argues that she believes that the additional depositions she seeks to take will reveal information that is critical and favorable to her claims. Plaintiff also contends that many of the additional deponents may be unavailable at a later date. Finally, Plaintiff asserts that all of the additional depositions she seeks to take, with one

3

exception, should last only thirty minutes to one hour each, which she contends will reduce the burden placed on Defendant as a result of the additional depositions.

For the following reasons, the court concludes that Plaintiff has not established good cause for altering the limit of ten depositions in the current scheduling order. First, Plaintiff has not made an adequate showing as to why the additional depositions are necessary in this case. Defendant correctly notes that Plaintiff has not specifically explained the expected nature of the additional deponents' testimony or provided a sufficient explanation of how their testimony would be relevant to the claims and defenses at issue in this case. *See* Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

Second, the court concludes that Plaintiff's contention that the additional deponents may be unavailable is speculative in nature. Indeed, Plaintiff has not provided any specific information to support her concerns about unavailability. Instead, Plaintiff surmises that the nature of Defendant's business may render some of the deponents unavailable at a later date and makes the conclusory statement that, given the nature of this case, "witness availability is always at issue."[7] The court is not persuaded by those arguments.

Finally, the court has determined that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). In the court's view, this case is not complex enough to justify the number of additional depositions sought by Plaintiff. Further, even if the court assumes that all but one of the additional depositions will last only

---

[7] Docket no. 23 at 4.

thirty minutes to one hour each, which Plaintiff has not conclusively established, Defendant will still be required to incur the significant expense of having its counsel prepare for and attend each of the additional depositions. The court concludes that said burden outweighs the likely benefit of the additional depositions. Plaintiff is still free to interview any of the additional deponents. Such a process is surprisingly simple, cost-effective, and done routinely. Further, interviews do not require court approval or Defendant's participation.

For these reasons, the second portion of Plaintiff's motion is **DENIED**. Plaintiff will not be allowed to take any depositions beyond the limit of ten contained in the current scheduling order.

Based on the foregoing, Plaintiff's motion to extend discovery[8] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

DATED this 6th day of May, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 15.